and exercise as well as medication schedule, which is of course critical to the achievement of his optimal health, and it would be in his best interest to be released from prison in order to maximize the opportunity for achievement of adequate health."

Initially, we note that the doctor reported it would be in the best interest of defendant that he be "released from prison in order to maximize the opportunity for achievement of adequate health." This carries little weight, in view of the fact that the doctor also stated defendant had completely recovered and was in relatively good health though on continued medication to prevent rejection.

Moreover, since the contents of the letter are hearsay and are not a part of the record on appeal, little, if any, consideration should be given to them. While this court has the authority to reduce a sentence, the supreme court has indicated it should be exercised with caution and circumspection. (*People v. Fox*, 48 Ill.2d 239, 251, 269 N.E.2d 720; *People v. Taylor*, 33 Ill.2d 417, 211 N.E.2d 673.) Here, we believe that the showing of defendant is insufficient to allow us to exercise our authority to reduce his sentence.

For the reasons stated, the judgment is affirmed.

Affirmed.

BARRETT, P. J., and LORENZ, J., concur.

The People of the State of Illinois, Plaintiff-Appellee, *v.* Billy Frazier, Defendant-Appellant.

(No. 59348;

First District (5th Division)—January 24, 1975.

PER CURIAM.

James J. Doherty, Public Defender, of Chicago (Saul H. Brauner, Assistant Public Defender, of counsel), for appellants.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Barry Rand Elden, Assistant State's Attorneys, of counsel), for the People.